# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **EMMA PORTER,** *et al.*, | * |
| Plaintiffs, | * |
| v. | * Case No.: RWT 10cv3252 |
| **AMS SERVICING, LLC,** *et al.*, | * |
| Defendants. | * |

## MEMORANDUM OPINION

On or about October 18, 2010, Plaintiffs Emma Porter and Charlie Porter filed a Complaint against Defendants AMS Servicing, LLC, Servis One, Inc. d/b/a BSI Financial Services, Inc., and MSF REO I, LLC d/b/a Mariners Companies (collectively "Defendants") in the Circuit Court for Prince George's County, Maryland. Compl., ECF No. 2. Defendants removed the case to this Court on November 17, 2010. ECF No. 3.

Defendants have moved to dismiss the Complaint or, in the alternative, for a more definite statement. ECF No. 9. Because the Complaint is, at best, difficult to understand, Defendants' motion for a more definite statement will be granted.

Pursuant to Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Rule 12(e) is to be read in conjunction with Federal Rule of Civil Procedure 8, which requires that an affirmative pleading consist of a "a short and plain statement of the claim showing that the pleader is entitled to relief." F. R. Civ. P. 8(a)(2).

Upon review of the Complaint, it is clear that it utterly fails to comply with these rules. The Complaint purports to state claims for "Money Lent" (Count I); Breach of Contract (Count II); and Violations of the Truth in Lending Law (Count III), but the factual assertions alleged in support of these claims are so vague and ambiguous that Defendants cannot reasonably be expected to respond to them. For example, the Complaint refers to Defendants variably as the "accused" and "accuser" and the "Money Lent" claim alleges that "Accuser owes Petitioner $533,000.00 that is due with interest since June Twenty First Two Thousand Seven, for money lent." Compl. at 2. It contains little factual elaboration on this claim. The Breach of Contract claim alleges that Plaintiffs "sold Accuser a deposit in the amount of $533,000.00," an amount Plaintiffs apparently claim must be repaid. Compl. at 2. Plaintiffs assert that the "[a]ccuser breached the contract by to [*sic*] return the deposit," but do not state what contract was made, what the terms of the purported contract are, or how Defendants breached it. *Id.*

Similarly, Plaintiffs' Truth in Lending Claim is impossible to understand. There is apparently a mortgage at issue in this case, but what violation of the Truth in Lending Law Plaintiffs allege occurred cannot possibly be discerned from the face of the Complaint. For example, Plaintiffs state, "Accuser prepared the note and mortgage agreements in writing, but failed or refused to disclose a material fact in either instrument. The material fact was that Petitioners was [*sic*] the depositor and that the Accuser risked none of its assets in the exchange, nor any assets of other depositors." *Id.* at 3. Further, the Complaint makes no effort whatsoever to specify which allegations pertain to each Defendant.

Plaintiffs responded to Defendants' motion to dismiss, or in the alternative, for a more definite statement, by claiming that this Court has no authority to grant a motion to dismiss because Plaintiffs have requested a jury trial. ECF No. 11 at 2-3.

The Court concludes that the Complaint is so vague and ambiguous that Defendants cannot reasonably prepare a response to it. *See* F. R. Civ. P. 12(e). Pursuant to Rule 12(e), the Court will grant Plaintiffs an opportunity to cure the defects in the Complaint. However, Plaintiffs are cautioned that this Court has the authority to strike the Complaint if the Court's order to provide a more definite statement is not obeyed. *Id.* Further, should Plaintiffs fail to cure the defects in their Complaint, it may be subject to dismissal under Federal Rule of Civil Procedure 12(b)(6), which allows the Court to dismiss a complaint which does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court will therefore grant Defendants' motion for a more definite statement and provide Plaintiffs an opportunity to file an amended complaint that complies with the Federal Rules of Civil Procedure. A separate order follows.


February 15, 2011                         /s/
Date                              Roger W. Titus
                                  United States District Judge